Battle, J.
 

 We concur in the opinion of the presiding Judge upon all the points made in the Court below. If the transaction was, as the defendant alleges, that the plaintiff’s intestate took Pearson’s note at a discount, then the contract made bjT the defendant to endorse it, was, as between him and the intestate, founded upon an usurious consideration. The note bore interest from its date, and the taking it at any discount, made it a loan between the parties at a rate of interest greater than that which the statute allows. This is fully established by the case of
 
 Collier
 
 v.
 
 Neville,
 
 3 Dev. Rep. 30. But the plaintiff’s counsel.contends that a contract, though for a loan at a greater rate of interest than six per cent, is not usurious unless there be a corrupt intent to violate the law, which is a question of fact, to be submitted to the jury, and which, therefore, it is error for the Judge to decide, and for this he relies upon the case of
 
 Kerr
 
 v.
 
 Davidson,
 
 13 Ire. Rep. 454.
 

 It is true that when the excess of interest may have been taken, because of a mistake in a matter of fact, as, for instance, upon an erroneous calculation, there the testimony must be submitted to a jury, for them to find how the fact was— whether there was, in truth, a mistake or a usurious taking by design. This, and nothing more, was the decision in
 
 Kerr v. Davidson.
 
 But where the contract is for the discount of a bill or note, at a rate exceeding that fixed upon by the statute, it is of itself, and in law, an usurious loan.
 

 The difference between the two cases is thus expressed in the case of
 
 Collier
 
 v.
 
 Neville. “
 
 It is said,
 
 non
 
 constat, that these parties knew the endorsers were bound thereby, without which there was no corruption. It is to be taken they knew it, and that the endorsement expresses their contract until the contrary, as a mistake in the writing, or the like, be shown. If a person misconstrue the statute or the law, he must abide by his error. If he mistake the fact, as the amount reserved, he may show it. But here, there was no attempt to show even
 
 *230
 
 a misapprehension of the liability created by the endorsement.” So, in the case now before ns, there was no attempt to show any mistake in fact.
 

 But the plaintiff’s counsel contends that there was no evidence to prove an usurious discount. In that we think he is mistaken. The letter from the plaintiff’s intestate to the defendant, which form a part of the statement of the case, affords more than a mere conjecture that the Pearson note was taken at a discount. It was manifestly written in reply to one from the defendant, relative to the terms upon which the plaintiff’s intestate would buy certain notes which the defendant wished to dispose of. The terms stated were not so favorable as those upon which the Pearson note had been bought, and the reason assigned was, that the latter had not so long a time to run as the $500 note spoken of, and that the maker resided in the same town with the intestate; with this additional reason, that “ money at this time is better than it was then.” The jury were, in our opinion, fully justified in finding, from this testimony, that the Pearson note was taken at a discount, and any discount was, as between the parties, greater than the law allowed.
 

 Supposing that the contract for the endorsement was founded upon an usurious consideration, as between the parties, the plaintiff’s counsel still contends that it was not usurious as between the intestate and Pearson, the maker of the note, and that he had a right to insist on its performance to enable him to sue the maker in his own name. It is true that if the endorsement had been made, the case of
 
 Collier
 
 v.
 
 Neville
 
 shows that the maker could not have availed himself of the defense of the usury committed by the endorser and endorsee. It does not follow from this, however, that the plaintiff can sustain an action for damages for the non-performance of the contract. To allow him to do so, would hot only violate the maxim that
 
 ex twrpi contractu non oritur
 
 actio, but enable him to recover in this way what he could not have recovered in a suit on the endorsement, had one been made. It is certainly going far enough to hold, as was done in the case referred to,
 
 *231
 
 that an endorsee, claiming through an usurious endorsement may sue the maker and recover the full amount of the note. No authority has been cited to show that an action of any kind can be sustained against the party to the illegal contract, and we do not feel at liberty to set the first precedent.
 

 Pee CueiaM. Judgment affirmed.